JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Dexter Lee, appeals from his conviction for burglary following a jury trial. After carefully reviewing the record and for the reasons set forth below, we affirm the appellant's conviction.
 {¶ 2} Appellant was originally charged in a two-count indictment with burglary and intimidation of a witness. After a jury trial, he was found guilty on the burglary charge, but was acquitted as to intimidation of a witness. The trial court then sentenced appellant to a five-year term of incarceration. Appellant presents, in this timely appeal, one assignment of error for review.
 {¶ 3} "The verdict of the jury was against the manifest weight of the evidence."
 {¶ 4} The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard to be used when considering a claim based upon the sufficiency of the evidence. Instead, "the [appellate] court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717, citingTibbs v. Florida, (1982), 457 U.S. 31, 102 S.Ct. 2211,72 L.Ed.2d 752. When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. State v. Thompkins, (1997)78 Ohio St.3d 380, 387.
 {¶ 5} The facts underlying the instant case are as follows. The victim, Tenisha Cleveland, returned home from shopping at approximately 10:00 p.m. on April 11, 2003, to find the appellant, Dexter Lee, inside her apartment. Appellant's girlfriend, Cester Williams, resides in the same complex as the victim, and all parties were known to each other prior to this incident. In fact, the victim testified that the appellant had been inside her apartment on previous occasions to use her telephone.
 {¶ 6} The victim further testified that her door had been locked, but not deadbolted, when she left for work the morning in question. The night of the burglary, appellant left the victim's apartment as soon as she arrived, but then the victim discovered that a television and a DVD player were missing from her apartment. The victim immediately sought out the appellant, who had attempted to retreat to Williams' apartment. Upon locating appellant, the victim began chasing him while wielding a butcher knife, and the police were eventually called to the scene. Appellant denied having anything to do with the robbery. Police did not arrest the appellant until the next morning, afer receiving information from the victim as to his whereabouts.
 {¶ 7} The prosecution presented the testimony of the victim, Detective James Harris of the CMHA Police Department, Officer Mandzak of the Cleveland Police Department, Cester Williams, Detective Toler of the Cleveland Police Department, and Veronica Mason. The crime scene was not fingerprinted, and none of the victim's missing items were recovered from the appellant.
 {¶ 8} Cester Williams testified that the appellant admitted being outside the apartment while it was being burglarized; the victim testified that she returned home to find him exiting her apartment. The victim testified that when confronted regarding the theft, appellant denied taking the victim's television — before she had indicated what had been stolen from her apartment. Finally, the victim recovered from the appellant, with the help of Cester Williams, a damaged identification card belonging to the appellant, which could have been used to pry his way into the victim's apartment. In fact, testimony showed that the appellant had a discussion with the victim about the ease of breaking into the apartments in her building with such a card just days before the burglary.
 {¶ 9} Based on our review of the record, we cannot determine that the jury lost its way in this case. Appellant's argument that the prosecution witnesses' testimony was irrevocably conflicting is not well taken; clearly, a reasonable jury could have concluded from the evidence presented that the appellant was responsible for the removal of the items in question from the victim's apartment. Therefore, appellant's sole assignment of error is overruled.
Judgment affirmed.
Blackmon, P.J., and Cooney, J., concur.